UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**RALPH LAMONES, JR., individually
and as representative of the classes,**

    Plaintiff,

v.                                                      Case No: 8:16-cv-2422-T-35AAS

**HUMAN RESOURCE PROFILE, INC.,**

    Defendant.

_____

## ORDER

**THIS CAUSE** comes before the Court for consideration of the Parties' Joint Motion for Final Approval of Class Action Settlement. (Dkt. 78)  In this class action, Plaintiff, on behalf of himself and others similarly situated, alleged causes of action under the Fair Credit Reporting Act, 15 U.S.C.§ 1681, et seq. ("FCRA"), due to the alleged inclusion of dismissed criminal charges and other obsolete information in background checks issued by Defendant.

On August 9, 2018, the Parties' filed the instant motion seeking: (1) final approval of the Class Action Settlement Agreement between Plaintiff, the Settlement Class Members he seeks to represent, and Defendant, in the amount of $155,000.00; (2) certification of the Settlement Class; (3) approval of the settlement payments for distribution to the Settlement Class; (4) dismissal of Plaintiffs' and the Settlement Class Members' claims with prejudice; and (5) retention of jurisdiction over the implementation and enforcement of the Settlement Agreement." (Id. at 1)

Upon review and consideration, the Court hereby **ORDERS** as follows:

1. The Court directs that a final approval hearing will take place on **Friday, November 2, 2018** at **2:00 p.m.**, in the Sam Gibbons United States Courthouse, Courtroom 7A, 801 North Florida Ave., Tampa, FL 33602, Ph: 813-301-5710 before the Honorable Mary S. Scriven, to determine whether to grant final approval of the Settlement and whether to grant Class Counsel's fee application and request for a service award for the putative class representative. The Court has set aside **one (1) hour** for this hearing.

2. Absent leave of Court, Lead Counsel for the Parties **must** be present at the hearing and must appear **in-person**. If for any reason Counsel is unable to appear in-person, Counsel must promptly notify the Court to make arrangements for appearance via telephone. The Parties are permitted but not required to attend the hearing.

3. Defendant, Human Resource Profile, Inc., as a corporate entity, must be represented by counsel at the hearing. See Palazzo v. Gulf Oil Corp., 764 F.2d 1381, 1385 (11th Cir. 1985) ("The rule is well established that a corporation is an artificial entity that can act only through agents, cannot appear pro se and must be represented by counsel" and that "[t]he general rule applies even where the person seeking to represent the corporation is its president and major stockholder.") (citations omitted).

4. All persons entering the Courthouse must present photo identification to Court Security Officers. Counsel are permitted to bring into the courthouse electronic devices in accordance with the procedures set forth in the standing Order of this Court: In re: Possession and Use of Personal Electronic Devices in Federal Courthouses in the Middle District of Florida, 6:13-mc-94-Orl-22 (October 1, 2013).

5. In the event the Settlement is not approved by the Court, or for any reason the Parties fail to obtain a Final Judgment and Order as contemplated in the Settlement, or the Settlement is terminated pursuant to its terms for any reason, then the following shall apply:

   a) All orders and findings entered in connection with the Settlement shall become null and void and have no further force and effect, shall not be used or referred to for any purposes whatsoever, and shall not be admissible or discoverable in any other proceeding;

   b) All of the Parties' respective pre-Settlement claims and defenses will be preserved;

   c) Nothing contained in this Order is, or may be construed as, any admission or concession by or against Defendant, Plaintiff, or the Class on any point of fact or law; and

   d) Neither the Settlement terms nor any publicly disseminated information regarding the Settlement, including, without limitation, the Notice, court filings, orders and public statements, may be used as evidence. In addition, neither the fact of nor any documents relating to, either party's withdrawal from the Settlement, any failure of the Court to approve the Settlement and/or any objections or interventions may be used as evidence.

**DONE** and **ORDERED** in Tampa, Florida, this 22nd day of October, 2018.

_____
MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel of Record
Any Unrepresented Person