UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**RALPH LAMONES, JR., individually
and as representative of the classes,**

    Plaintiff,

v.　　　　　　　　　　　　　　　　　　　Case No: 8:16-cv-2422-T-35AAS

**HUMAN RESOURCE PROFILE, INC.,**

    Defendant.

## ORDER

**THIS CAUSE** comes before the Court for consideration of the Parties' Joint Motion for Final Approval of Class Action Settlement ("Joint Motion"). (Dkt. 78) On April 12, 2018, the Court granted the Parties' Renewed Joint Motion for Preliminary Settlement Approval, (Dkt. 71), of the class-wide settlement of the Fair Credit Reporting ("FCRA") claims asserted against Defendant. (See also Dkt. 66-2)

On August 9, 2018, the Parties filed the Joint Motion, (Dkt. 78), and on November 2, 2018, the Court held a Final Approval Hearing concerning the Joint Motion. (Dkt. 81) Therein, the Parties advised that the Class Action Settlement Agreement ("Settlement Agreement") established a total settlement fund of $115,000.00 ("Settlement Fund"), providing relief for the Named Plaintiff and approximately 3,106 Settlement Class Members. (Dkt. 78 at 4; Dkt. 66-2 at §§ 1.21–23, 4.5) The Parties also advised that "the Court-approved settlement notice . . . was mailed to members of the Settlement Class on May 11, 2018" and "no member of the Settlement Class ha[d] requested to be excluded from the Settlement . . . and no objections to the Settlement have been filed with the Court." (Dkt. 78 at 5–6; see also Dkt. 66-2, Ex. B)

Under the terms of the Settlement Agreement, the approximately 3,106 Settlement Class Members' pro rata distribution of the Settlement Fund would amount to $16.98 for each class member, consisting of the $115,000.00 Settlement Fund less (1) an incentive award to the Named Plaintiff, Ralph Lamones, in the amount of $3,500.00; (2) attorneys' fees to class counsel in the amount of $34,500.00; (3) costs and expenses to class counsel in the amount of $11,537.77; and (4) settlement administration costs to Dahl Administration, LLC in the amount of $12,708.00.  (Dkt. 78 at 5)  Additionally, the Settlement Agreement provides for immediate monetary relief, in that Class Members "will not have to submit claim forms to receive a share of the Settlement Fund" and instead, "will receive checks after final approval" of the Settlement and will "have 120 days from the date on which checks are mailed to negotiate their checks (the "Check Negotiation Period)."[1]  (Dkt. 78 at 5; Dkt. 66-2 at § 4.6)

If there are any remaining funds after these distributions and after Class Members have had the stipulated one hundred and twenty (120) days to cash their settlement checks, those remaining funds will be paid as a donation to a *cy pres* recipient.  (Dkt. 66-2 at § 4.8)  The Settlement Agreement provides that if the Settlement is granted final approval, Defendant will establish the Settlement Fund "by electronic wire transfer" within

---

[1] The Settlement Agreement further provides that:

> If Settlement Class Members who did not have a valid address at the time of distribution later come forward with a valid address during the Check Negotiation Period, those Settlement Class Members will receive pro rata distributions from funds remaining due to uncashed checks, if any. Such payments shall be distributed via check within 15 days of the final day of the Check Negotiation Period, with such checks having a 30-day negotiation period, and shall not exceed the original pro rata distributions to Settlement Class Members with valid addresses.

(Dkt. 66-2 at § 4.6)

2

fifteen (15) business days of the effective date of this Order,[2] or "within sixty (60) days of the date the final approval motion is due to be filed, whichever is later." (Dkt. 66 at § 9.1) The Parties contend that the Settlement is fair and reasonable and will resolve all claims of the Named Plaintiff and Settlement Class Members against Defendant. (See e.g., Dkt. 78)

The Court, having approved the Parties' Renewed Joint Motion for Preliminary Settlement Approval, reviewed the Joint Motion and Settlement particulars, held a Fairness Hearing, and heard the Parties' respective positions, finds the Settlement Agreement fair and reasonable. Accordingly, it is **ORDERED:**

1. The Parties' Joint Motion for Final Approval of Class Action Settlement, (Dkt. 78), is **GRANTED**.

2. The Parties' Settlement Agreement, (Dkt. 66-2), is **APPROVED**, with the exception of the *cy pres* recipient.[3]

3. The Settlement Funds shall be distributed in accordance with the Settlement Agreement, except as otherwise directed in this Order. Specifically, the Settlement Funds shall be distributed as follows:

    a. Defendant shall, **within five (5) days** from the date the Settlement Fund is established, disburse to Named Plaintiff, Ralph Lamones, $3,500.00 as an incentive award.

---

[2] The date on which this Order is entered shall be the Effective Date.
[3] The Settlement Agreement originally listed the National Association of Consumer Advocates (NACA) Charitable Fund, Inc. as the *cy pres* recipient. However, that recipient has been replaced with Bay Area Legal Services Inc., an entity "dedicated to providing free civil legal services to qualified and low-income residents and nonprofits throughout the Tampa Bay area." See https://www.bals.org/.

b. Defendant shall, **within ten (10) days** from the date the Settlement Fund is established, send settlement checks in the amount of $16.98 to each Class Member whom Defendant was able to provide notice regarding the Settlement. In accordance with the Parties' stipulation in the Joint Motion, the Class Members shall have **one hundred and twenty (120) days** from the date the checks are disbursed to cash their checks.

c. The remaining Settlement Funds that are not disbursed on the foregoing date (i.e. $1,698.00, calculated as 100 undelivered notices to Class Members multiplied by $16.98 per Class Member) shall be retained for a period of **one hundred and twenty (120) days** from the date the payments are disbursed to allow time for other Class Members who did not receive notice to come forward and assert their respective claims to the Settlement Funds.

d. If individuals have not come forward or any checks have not been cashed at the expiration of the one hundred and twenty (120) day period, those remaining funds (i.e. the funds from the undelivered notices referenced in paragraph (c) plus the funds from any uncashed settlement checks) shall **within seven (7) days** be paid as a donation to the *cy pres* recipient:

> **Bay Area Legal Services Inc.**
> **1302 N. 19th Street, Suite 400**
> **Tampa, Florida 33605-5230.**

e. No later than **seven (7) days** after Defendant disburses the remaining proceeds to the *cy pres* recipient, the Parties shall file their joint stipulation of dismissal with prejudice concerning this matter. Therein,

4

      the Parties shall advise the Court as to whom has been paid with respect to the Settlement Funds.

4. Defendant shall, **within five (5) days** from the date the Settlement Fund is established, pay to Class Counsel $34,500.00 in attorneys' fees and $11,537.77 in costs as provided by the Settlement Agreement.

5. This case is **ADMINSTRATIVELY CLOSED** pending receipt of a final stipulation of dismissal.  The Parties have one hundred and twenty (120) calendar days from the date of this Order to file a stipulation of dismissal or, if appropriate, a motion to reopen the case.  After the 120-day period, the Court shall dismiss this action with prejudice without any further notice to the Parties.

6. The **Clerk** is **DIRECTED** to terminate any pending motions in this case.

7. The **Clerk** is further **DIRECTED** to send a copy of this Order to the *cy pres* recipient, Bay Area Legal Services Inc., at the address noted in section 3(d) of this Order.

**DONE** and **ORDERED** in Tampa, Florida, this 16th day of November, 2018.

_____
MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel of Record
Any Unrepresented Person
**Bay Area Legal Services Inc.
1302 N. 19th Street, Suite 400
Tampa, Florida 33605-5230**